CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILROAD
COMPANY v. NORMAN ET AL.

[No. 23,502.    Filed April 27, 1921.    Rehearing denied October
4, 1921.]

DRAINS.—*Appeal.—Review.—Record.—Bill of Exceptions.—Findings.—Evidence.—Sufficiency.—Presumption.*—On appeal by a railroad company from a judgment establishing a drain where no bill of exceptions was filed and no effort was made to bring the evidence or any part of it, heard by the trial court, into the record, it will be presumed, unless the contrary is affirmatively shown by the record, that there was evidence to support the action of the trial court in finding that the railroad company wholly failed to establish the averments of its remonstrance.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Petition by James L. Norman and others to establish a drain, in which Chicago, Indianapolis and Louisville Railroad Company filed a remonstrance. From a judgment establishing the ditch, the remonstrator appeals. *Affirmed.*

*Henley & Henley, C. C. Hine, Alfred Evens* and *Perry McCart,* for appellant.

*East & East* and *Chase Harding,* for appellees.

EWBANK, J.—A petition was filed by the appellees asking for the construction of a drain something more than a mile long, about ten miles south of Bloomington, Indiana.    The petition asked that the proposed drain should begin at a point named and follow the general course of Judah creek "to where it crosses the Chicago, Indianapolis and Louisville (Monon) Railway, and thence in a general easterly course on an approximately direct line to Clear creek," and stated that it would affect "the right of way of the Chicago, Indianapolis and Louisville (Monon) Railway through the northwest quarter of section 33 and the southwest quarter of sec-

tion 28," and that all the lands affected were in township seven north, range one west, in Monroe county, Indiana. Proof of notice to the appellant company was filed, and the report of the viewers, in addition to finding that the proposed work would be practicable, and would be a (of) public utility, and would "likely improve the public health," and would benefit a public highway, and that the costs, damages and expenses of construction would be less than the benefits to lands affected; and, in addition to laying out the drain and ordering it constructed with a dredge, assessing certain lands of others as benefited, and assessing appellant's right of way through said quarter sections for $1,000, contained the following:

"They (the commissioners) also determined the total cost of such work as estimated, and find the same to be $7,230.54, which amount includes the excavation across the right of way and fill of the railway aforesaid, but does not include the cost of constructing a bridge or culvert structure of any kind under such railway track at the opening to be made therein for the proposed work. * * * As a part of the specifications adopted, it is contemplated that the opening through the fill of the right of way of the Chicago, Indianapolis and Louisville (Monon) Railway Company shall be cut to the bottom width with the slope as specified for the drain at that point, and that the opening for the water shall be not less than fourteen (14) feet in height and with a top width of not less than forty (40) feet. No specific type of bridge or trestle work is prescribed as a part of these specifications for the reason that your viewers are informed that the railway company has provided for a proper bridge, or trestle opening, at such point, and so plan to construct the same in connection with the construction of the proposed drain, and being advised that such bridge is of ample and sufficient type, and not desiring to impose upon such railway company a type of bridge, or trestle, not conforming to their usual and proper structure, the viewers have provided an as-

sessment of one thousand ($1,000) dollars only in money against such railway company, but require as a part of the assessment and benefits chargeable to such company that it pay the cost of excavating through its right of way, and that it construct and maintain a proper bridge or trestle structure, to support its track, and, at the same time, permit a sufficient opening for the waters of the proposed drain without interference therewith; and that such work be done concurrently with the construction of the drain by the railway company, or in the event it fail to do the work itself that the engineer be authorized to have the same done and charge the expense thereof to such company."

The appellant filed a remonstrance alleging (1) that it is a corporation of this state and (2) owns and operates a railroad "over and upon the northwest quarter of section 33 and the southwest quarter of section 28, Monroe county, Indiana," (3) is engaged in business as a common carrier, (4) is a party to this proceeding and the owner of lands affected and reported benefited; (5) that such lands consist of a narrow strip across said quarter sections called a railroad right of way, (6) which is not agricultural or farming land, but (7) is used wholly as railroad right of way; and (8) on said lands it has constructed at great expense tracks, bridges, culverts, drains, and other necessary and permanent equipment for said purposes; (9) that said proposed ditch will cross its line of railway, and (10) it will be put to large expense changing its bridges and drains; and that because of these and certain other alleged facts, "said report of the commissioners is not according to law." The cause was submitted for trial, and the court made a finding and entered judgment that the report of the viewers be established, with certain modifications, not affecting the appellant; that with such modifications the ditch be established and the assessments confirmed as reported and also adjudged the

costs against the drainage commissioner, who was thereby appointed and ordered to construct the drain.

Appellant filed a motion for a new trial for the alleged reasons that the finding was not sustained by sufficient evidence and was contrary to law, reserved an exception to the overruling of such motion, and duly perfected a term appeal. The only error assigned is that the trial court erred in overruling the motion for a new trial.

No bill of exceptions was ever filed and no effort was made to make the record embrace the evidence heard by the trial court or any of it, and we have no knowledge and no means of knowing upon what evidence the trial court acted in deciding the issues joined on appellant's remonstrance. But under the rule that all presumptions are indulged in support of the action of the trial court, except as the contrary is affirmatively shown by the record (Ewbank's Manual [2d ed.] §198), we may presume that the appellant wholly failed to establish each and all of the averments of its remonstrance, and that all of whatever evidence tending to defeat that remonstrance was admissible under the issues was introduced and formed the basis of the finding. Evidence would have been admissible under the issues to the effect that the appellant expressly agreed to the provisions of the report and the assessment against its property, and undertook to cut through its railroad embankment and to put in its own bridge, in consideration that the money assessment should not be made any larger. The provisions of the commissioners' report and of the finding and judgment did not exceed the power of the court to establish if they were based on an agreement with appellant, to say the least. And we cannot know, without having the evidence before us, that any of the numerous affirmative allegations of the remonstrance were proved.

It is not made to appear that the trial court erred in overruling appellant's motion for a new trial.

The judgment is affirmed.

Townsend, J., absent.